## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

CHRISTINE E. GIBBS,

       Plaintiff,

v.                                     No. CV-15-00447-CG

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

       Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on Plaintiff Christine E. Gibbs' *Motion for Attorney Fees Pursuant to Equal Access to Justice Act, with Supporting Memorandum*, (the "Motion"), (Doc. 26), filed March 9, 2016; Defendant's *Response to Plaintiff's Motion for Attorney Fees*, (the "Response"), (Doc. 27), filed March 23, 2016; and Plaintiff's *Reply in Response to Motion for Attorney Fees Pursuant to EAJA*, (the "Reply"), (Doc. 28), filed March 26, 2016. Having reviewed the Motion, the Response, the Reply, and the relevant law, the Court finds that Plaintiff's Motion is well-taken and should be **GRANTED**.

### I.    Background

On January 26, 2012, Ms. Gibbs filed an application for disability insurance benefits and supplemental security income, alleging disability commencing on October 15, 2011. Her claim for benefits was initially denied, and again upon reconsideration. A request for a hearing was filed, and a hearing was held before an Administrative Law Judge ("ALJ"), who issued an unfavorable decision. Ms. Gibbs then filed an application

for review by the Appeals Council, which was summarily denied.

Thereafter, Ms. Gibbs appealed to this Court, arguing that the ALJ committed reversible, legal error by: (1) formulating a residual functional capacity ("RFC") that was contrary to substantial evidence, in part due to failing to develop the record, and (2) failing to resolve an inconsistency between testimony from a vocational expert ("VE") and the Dictionary of Occupational Titles ("DOT"). Additionally, Ms. Gibbs asked the Court for a "sentence six" remand because (1) the ALJ failed to develop the record, and (2) based on new evidence of a fibromyalgia diagnosis made by Ms. Gibbs' doctors after the Appeals Council dismissed her appeal. Because the ALJ failed to adequately develop the record, the Court recommended that the case be remanded to the Commissioner of the Social Security Administration (the "Commissioner") for further proceedings in its *Memorandum Opinion and Order* ("Order"). (Doc. 24).

Ms. Gibbs now moves this Court for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). She argues that an award of fees is appropriate because she is the prevailing party, her net worth is less than $2,000,000.00, and the Commissioner's position in defending the action was not substantially justified. (Doc. 26 at 1).

The Commissioner responds that Ms. Gibbs' request for fees under EAJA should be denied because the Commissioner's position in this case was substantially justified. (Doc. 27 at 1). The Commissioner argues that it was reasonable to defend the ALJ's position because "[i]t was at least arguable whether the ALJ needed to further develop the record . . . ." (Doc. 27 at 2). In Ms. Gibbs' Reply, she asserts that the Commissioner has given no legal justification for the ALJ's failure to consider medical evidence from

the relevant time period and case law clearly establishes a requirement that the ALJ clarify inconsistencies in the medical record. (Doc. 28 at 1-2).

**II.   Analysis**

    A.  *Standard of Review*

Pursuant to EAJA, a court is required to award attorney's fees if: "(1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (citing 28 U.S.C. § 2412(d)(1)(A)). Here, the Commissioner only disputes whether her position was substantially justified.

"The test for substantial justification in this circuit is one of reasonableness in law and fact." *Id.* at 1172 (citing *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)). In order to be substantially justified, the government's position must be "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "The term position includes the government's position both in the underlying agency action and during any subsequent litigation." *Id.*

"When an area of law is 'unclear or in flux, it is more likely that the government's position will be substantially justified.'" *Cherry v. Barnhart*, No. 04-5059, 125 Fed. Appx. 913, 916 (10th Cir. Jan. 24, 2005) (unpublished) (citing *Martinez v. Sec'y of Health and Hum. Servs.*, 815 F.2d 1381, 1382 (10th Cir. 1987)). Indeed, "the government's position can be justified even though it is not correct." *Hackett*, 475 F.3d at 1172 (citing *Pierce*, 487 U.S. at 566 n.2). "The government bears the burden of showing that its position was substantially justified." *Gilbert*, 45 F.3d at 1394 (internal citations omitted).

3

B.  _The Commissioner's Position Was Not Substantially Justified_

In this case, the Court remanded the ALJ's decision because the ALJ failed to adequately develop the record with regard to conflicting medical evidence. (Doc. 24 at 12). Dr. Elgabalawi, a consultative physician, examined Ms. Gibbs in 2012 and found that Ms. Gibbs had a normal gait, range of motion in her legs, and was able to walk without difficulty. (Administrative Record "AR" 437, 439). Nonetheless, CNP Linda Ross prescribed Ms. Gibbs a lightweight wheelchair due to "weakness [and] leg pain" in August 2013. (AR 509). Additionally, a 2014 MRI showed Ms. Gibbs had spinal stenosis. (AR 561). In that same year, Dr. Fen Sartorius signed a "Certificate of Eligibility for Parking Placard for Mobility Impaired Individuals," finding Ms. Gibbs eligible because she "cannot walk 100 feet without stopping to rest," and that the condition is permanent. (AR 512). Ms. Gibbs was also approved for the Santa Fe Ride Program due to her disability, (AR 327), and an Individual Plan of Care to provide her with a helper for daily tasks. (AR 579).

The ALJ ultimately assigned significant weight to Dr. Elgabalawi's opinion. However, she dismissed the rest of the medical evidence, finding that the MRI results showed a problem that was "considered only mild in nature," and only assigning the medical records from Dr. Satorius "little weight." (AR 16, 19).

The Court did not accept the Commissioner's argument that since "the ALJ was faced with a wide gulf between [Ms. Gibbs'] claims and objective medical evidence[,]" the Court should defer to the ALJ's findings. (Doc. 20 at 5). The Court explained that it is the ALJ's "responsibility in every case to ensure that an adequate record is developed during the disability hearing consistent with the issues raised." _Madrid v. Barnhart_, 447

F.3d 788, 790 (10th Cir. 2006) (quoting *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) (internal quotation marks omitted); 20 C.F.R. § 404.944. An "ALJ has a duty to develop the record by obtaining pertinent, available medical records which come to [her] attention during the course of the hearing." *Madrid*, 447 F.3d at 790 (quoting *Carter v. Chater*, 73 F. 3d 1019, 1022 (10th Cir. 1993)). The ALJ must "inform [herself] about facts relevant to [her] decision and to learn the claimant's own version of those facts." *Heckler v. Campbell,* 461 U.S. 458, 471 n.1 (1983) (Brennan, J. concurring). The ALJ's "duty is heightened" when a claimant, like Ms. Gibbs, appears at the hearing without counsel. *Henrie v. U.S. Dep't of Health & Human Servs.*, 13 F.3d 359, 361 (10th Cir. 1993).

The ALJ ignored or gave little weight to the more current medical evidence in the record in favor of Dr. Elgabalawi's opinion from a consultative examination performed in 2012. From 2013-2014, "the relevant medical record obviously underwent material changes[;]" however the ALJ did not order a new examination or provide Dr. Elgabalawi the new medical evidence for a follow-up opinion. *Chapo v. Astrue*, 682 F.3d 1285, 1292 (10th Cir. 2012) (finding the ALJ's reliance on a stale opinion to be "troubling" in light of material changes in the medical record since the opinion was rendered). The Court held that it was improper for the ALJ to dismiss current evidence of a medical impairment in favor of stale evidence. The Court acknowledged that the ALJ has "broad latitude" in deciding to order a consultative examination; however, found that in this case it was clear that a new examination would clarify the conflicting evidence in the record. *Hawkins*, 113 F.3d at 1166 (citing 20 C.F.R. § 404.1512(f); § 404.1519(a)) (finding that a CE is appropriate "where there is a direct conflict in the medical evidence

. . . where the medical evidence in the record is inconclusive . . . [or] where additional tests are required to explain a diagnosis . . . .") (citations omitted).

Thus, the issue here is whether the Commissioner has met her burden to show that she was substantially justified in failing to properly develop the record, and defending that error in the subsequent litigation. *Hartter v. Apfel*, No. 99-3095, 202 F.3d 282, at *2 (10th Cir. Jan. 11, 2000) (unpublished).  This Court finds that the Commissioner has not.

The Commissioner argues that her position in defending the ALJ's decision was substantially justified because the ALJ cited to evidence in the record that questioned Ms. Gibbs' medical claims. (Doc. 27 at 2). The Commissioner maintains that "[i]t was at least arguable" as to whether the ALJ needed to continue to develop the record. (Doc. 27 at 2). The Commissioner further states that "[t]he issue was whether the ALJ had to obtain yet another consultative examination, and the Tenth Circuit law on this point did not establish a bright line in the sand[ ] establishing that the ALJ's actions were clearly unreasonable." (Doc. 27 at 2).

Contrary to the Commissioner's assertions, the law in the Tenth Circuit is well established. "[I]t is clear that, where there is a direct conflict in the medical evidence requiring resolution . . ., a consultative examination is often required for proper resolution of a disability claim." *Hawkins v. Chater*, 113 F.3d at 1166 (citing *Thompson v. Sullivan*, 987 F.3d 1482, 1491 (10th Cir. 1993)). This case was not a difficult case "where there is *some* evidence in the record or *some* allegation by a claimant of a possibly disabling claim, but that evidence, by itself, is less than compelling." *Id.* at 1167 (emphasis in original). Indeed, Ms. Gibbs provided clear evidence of a disability that

conflicted with the results of the prior consultative examination. This evidence warranted further investigation, which the ALJ did not order. The Commissioner's argument to the contrary is unpersuasive. Because the Commissioner has not presented a reasonable explanation for the ALJ's failure to properly develop the record, the Commissioner has not shown that her position was substantially justified.

### III.   Conclusion

For the reasons discussed above, the Court concludes that the Commissioner was not substantially justified in her position in the underlying agency action and the subsequent litigation. Accordingly, the Court finds that Ms. Gibbs is entitled to an award of attorney's fees under EAJA. The Court **FINDS** that Ms. Gibbs's Motion for fees should be **GRANTED**. The Court will award $7,200.40 in attorney fees to Plaintiff.

**IT IS THEREFORE ORDERED** that Plaintiff Christine E. Gibbs' *Motion for Attorney Fees Pursuant to Equal Access to Justice Act, with Supporting Memorandum*, (Doc. 26), be **GRANTED** and that attorney fees be, and hereby are, awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), payable to Plaintiff in the amount of $7,200.40. *See Astrue v. Ratliff*, 560 U.S. 586 (2010) (EAJA fees are paid to the plaintiff, not the plaintiff's attorney).

**IT IS FURTHER ORDERED THAT**, if Plaintiff's counsel receives attorney fees under both EAJA and 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

_____

THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE